[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed a Petition for a Writ of Mandamus claiming that the defendants are denying his constitutional rights under the United States Constitution, specifically the First
Amendment thereto permitting freedom of association, by prohibiting him from not associating with other prisoners. He claims that he has a state and federal constitutional right not to associate and that to force him to associate by the placing of another person into his cell violates his right not to associate. Plaintiff is presently confined to the McDougall Correctional Institution in Suffield, Connecticut having been convicted of capital felony. A hearing was held on this request for mandamus and/or injunction on May CT Page 7740 31, 2001 before this Court. McDougall is a level four, high security institution. Petitioner admitted that he is not claiming cruel and unusual punishment, not claiming there is a threat to his safety or the conditions of his cell are not proper. He specifically claims that he has a right under the First Amendment not to associate with other human beings and is, therefore, entitled to a single cell as opposed to a double cell which would, of course, include another prisoner.
This case is essentially an issue of law. Respondent filed a Motion to Dismiss dated March 27, 2001. The case was continued until May 31, 2001 to give the plaintiff an opportunity to respond in writing to the Motion to Dismiss. He has failed to do so, but made oral argument which essentially repeats his claim that being in a double cell violates hisfirst amendment right not to associate. Rhodes v. Chapman, 452 U.S. 337,345 (1981), although focusing on an Eighth Amendment claim of cruel and unusual punishment, which is not the case here, nonetheless, established that there is no constitutional right to a single cell by an inmate.
The function of a writ of mandamus is to compel public officials to carry out their ministerial duties in those instances where the aggrieved plaintiff can find no possible basis for relief in either law or equity.Hennessey v. Bridgeport, 213 Conn. 656, 658 (1990). In order to succeed on a petition for mandamus, the plaintiff must establish that he has a clear legal right to the performance of a duty by the defendant, that thedefendant had no discretion with respect to performance of that duty and that the plaintiff has no adequate remedy at law. Here, clearly, the warden has discretion as to where prisoners are to be housed. Warden Strange testified that the policy of the Department of Corrections was that there must be a risk to other inmates or the inmate requesting a single cell must be victimized or under threat of being victimized in order to be housed in a single cell. Plaintiff is serving a life sentence. According to Warden Strange two hundred twenty-one inmates serving life sentences have requested single cells and have been denied. He further testified that in order to accommodate an inmate who wants to be in a single cell without favoritism to any prisoner requires expansion of the correctional facility. It is well known that prisons are already over-crowded. To permit a prisoner to be in a single cell as a matter of right is contrary to the security and safety of the prison and the prison population, it would cause further overcrowding.
The discretion of the warden and his assistants as to housing decisions is clearly warranted as affecting the safety and security of the prison and the prison population and in furtherance of that legitimate penological interest.
As stated in Procunier v. Martinez, 416 U.S. 396, 405 (1974), the CT Page 7741 judiciary is not well equipted to deal with the increasingly urgent problems of prison administration and reform. In Turner v. Safley,482 U.S. 78 (1987), the Court stated that managing a prison is an inordinately difficult undertaking that requires expertise, planning and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Turner
also holds that restrictions of constitutional rights that are a "rational response" to a clear security problem will be upheld.
For the reasons stated above, the defendants have discretion determining whether inmates are to be housed in a single cell or a double cell. In view of this discretion, there is no basis for a writ of mandamus or a temporary injunction. Even if this were brought as a habeas petition, the Court would make the same finding that a constitutional right not to associate as claimed by the plaintiff (petitioner) would be subject to the discretion of the warden.
Accordingly, the Motion to Dismiss filed by the Respondent is granted, and the Petition for Writ of Mandamus/Temporary Injunction is denied.
Rittenband, JTR.